## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **FELIPE RIVERA,** | ) |
| **Plaintiff,** | ) |
| v. | )  No.: 19-cv-3241-MMM |
| **KESS ROBERSON, et al.,** | ) |
| **Defendants.** | ) |

### MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs at the Lincoln Correctional Center ("Lincoln"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On March 19, 2019, Plaintiff was seen in sick call for complaints of constant ear pain, dizzy spells, and partial hearing loss. On that date, Wexford-employed physician, Dr. Gauwen ordered an ear wax removal medication. The medication was applied by Defendant Nurse Odennessa, with Plaintiff claiming that Defendant administered eye drops instead of ear drops. Plaintiff claims that when the drops were placed in his ear, he experienced a burning pain.

1

Defendant Gauwen re-examined Plaintiff after he had received the drops and noted a perforation of the ear drum. Plaintiff was thereafter referred to an unnamed ENT (eye, ear, nose, and throat) specialist, incorrectly identified by Plaintiff as an "EMT." Plaintiff indicates that he was seen by the ENT who prescribed him medication and recommended an unidentified surgery. Plaintiff complains that he has not been sent back to the ENT and has not undergone the surgery.

Plaintiff asserts that Defendant Nurse Odennessa was deliberately indifferent for using the wrong drops, and that Defendant Gauwen was deliberately indifferent for not responding to the burning pain Plaintiff experienced as a result. This is enough to state a colorable claim against these two individuals. Plaintiff does not, however, claim that it was Defendant Gauwen who refused to refer him back to the specialist for surgery, asserting this claim against Wexford, only.

As noted, Plaintiff pleads that it was Wexford which denied him the surgery but does not claim that this denial was done pursuant to a Wexford policy or practice. While a private corporation has potential liability for constitutional infringement under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978), this is so only if the alleged injury was the result of an unconstitutional policy or practice promulgated or allowed by that entity. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury.) Here, Plaintiff merely asserts, without any basis, that was Wexford's fault that he was not provided the surgery.

Plaintiff names Warden Robeson and HealthCare Administrator Hopp, claiming they did nothing even though they knew he was "stressed out" and in pain. These Defendants, however, were not healthcare providers and Plaintiff fails to plead that either had the authority to provide

2

him treatment other than that which he received. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), "[p]ublic officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job….the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care*." See Burns v. Fenoglio,* 525 Fed.Appx. 512 (7th Cir. 2013) ("top-level administrators are entitled to delegate to others the responsibility for specific prison functions, including providing medical care.")  Defendants Robeson and Hopp are DISMISSED.

Plaintiff also asserts a claim against Leonta Jackson for failing to follow-up on his related grievance. Section 1983 liability, however, is predicated on fault. To be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001)). *See also*, *Norington v. Daniels,* No. 11- 282, 2011 WL5101943, at *2–3 (N.D. Ind. Oct. 25, 2011) ("[s]imply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction."). Defendant Jackson is DISMISSED.

Plaintiff also names Dr. Ralph Ganen whom he identifies as "a secondary physician at Lincoln C.C." Plaintiff does not, however, plead any allegations against Dr. Ganen. As previously noted, to be liable under § 1983, a Defendant must have personally participated in the constitutional deprivation. Merely naming a defendant in the caption is insufficient to state a claim. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). Defendant Ganen is DISMISSED.

Lastly, Plaintiff names the Illinois Department of Corrections ("IDOC"). IDOC is, however, immune from suit under the Eleventh Amendment. *See Sittig v. Illinois Dept. of Corr.*, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985); *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001)

(Eleventh Amendment bars federal court suit for money damages against state prison and Department of Corrections). In addition, §1983 only provides relief to those injured by a "person" operating under color of law. A state or state agency such as IDOC is not a "person" amenable to suit under this statutory scheme. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). IDOC is DISMISSED with prejudice.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the Eighth Amendment deliberate indifference claim against Defendant Nurse Odennessa for allegedly placing eye drops in Plaintiff's ear and against Defendant Gauwen for not responding to the burning pain Plaintiff suffered as a result. The remaining claims are dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will, however, have 30 days from the entry of this order in which to replead these claims. If Plaintiff repleads, the pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Defendants Roberson, Jackson, Wexford, Hopp and Ganen are DISMISSED. Defendant IDOC is DISMISSED with prejudice. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff files [6], a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [6] is DENIED. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

3.      The Clerk is directed to send Defendants Odennessa and Gauwen, pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4.      If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.      Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6.      Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 1/31/2020

      s/Michal M. Mihm
      MICHAEL M. MIHM
      UNITED STATES DISTRICT JUDGE